PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report filed pursuant to Rule 3-7.6 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
On April 5, 1988, the respondent, Arthur B. Kramer, pled guilty in New Jersey, to knowingly disposing of property entrusted to him in a manner which he knew was unlawful and involved a substantial risk of loss or detriment to the rightful owner, a third-degree felony, and one count of knowingly uttering a false affidavit with the purpose to deceive and/or injure parties connected to the purchase and sale of property, a fourth-degree felony. The respondent was adjudicated guilty of these counts. The Florida Bar filed a complaint based on this misconduct and the respondent has defaulted at every stage of the proceedings.
The referee recommended that the respondent be found guilty of violating Disciplinary Rules 1-102(A)(3) (proscribing illegal conduct involving moral turpitude); 1-102(A)(4) (proscribing conduct involving dishonesty, deceit, fraud, or misrepresentation); and 1-102(A)(6) (proscribing other conduct adversely reflecting on an attorney's fitness to practice law). We approve this portion of the referee’s report.
The referee recommended that the respondent be suspended from the practice of law for a period of three years. We believe however, that disbarment is the appropriate discipline for such grave misconduct. The respondent has been found guilty of converting a client’s property for his own use and then concealing that fact with false affidavits. This conduct cannot be condoned, and a three-year suspension is not adequate discipline.
Accordingly, we hereby disbar Arthur B. Kramer, effective immediately. The Florida Bar’s costs in this proceeding are taxed against the respondent. Judgment is entered against Arthur B. Kramer in the amount of $150.00, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.